Xu v. Garland

BIA
Gordon-Uruakpa, IJ
A205 780 175

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of March, two thousand twenty-two.

PRESENT:
> **ROSEMARY S. POOLER,**
> **ROBERT D. SACK,**
> **WILLIAM J. NARDINI,**
> > *Circuit Judges.*

_____

**FENGMING XU**
> *Petitioner*,

> **v.**

**MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,**
> *Respondent.*

_____

**20-438**

**NAC**

| | |
|---|---|
| **FOR PETITIONER:** | Robert J. Adinolfi, Esq., New York, NY. |
| **FOR RESPONDENT:** | Ethan P. Davis, Acting Assistant Attorney General, Civil Division; Zoe J. Heller, Senior Litigation Counsel; Katherine A. Smith, Trial Attorney, Office of Immigration |

Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Fengming Xu, a native and citizen of the People's Republic of China, seeks review of a January 7, 2020, decision of the BIA affirming an April 19, 2018, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Fengming Xu,* No. A205 780 175 (B.I.A. Jan. 7, 2020), *aff'g* No. A205 780 175 (Immig. Ct. N.Y. City Apr. 19, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). We review adverse credibility determinations for substantial evidence, *see Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and treat the agency's findings of fact as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility

2

determination on the demeanor, candor, or responsiveness of the applicant . . . , the inherent plausibility of the applicant's . . . account," and inconsistencies within and between an applicant's statements "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's adverse credibility determination.

First, the agency reasonably relied on inconsistencies. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Xu gave different years for a forced abortion and had difficulty giving coherent testimony about how a doctor determined she was pregnant. Dated photographs of her and her children were inconsistent with her allegations regarding her children's ages and her testimony that she did not see them between 2007 and 2011, and her documentary evidence was inconsistent regarding her own age. The IJ did not err in relying on the cumulative effect of these inconsistencies. *See Xiu Xia Lin*, 534 F.3d at 167. Moreover, contrary to Xu's arguments, she was asked to clarify her testimony, and the IJ was not required to seek an explanation before relying on the inconsistency between

3

her photographic evidence and her testimony. *See Ming Shi Xue v. BIA*, 439 F.3d 111, 121 (2d Cir. 2006).

The agency also reasonably relied on implausibility in Xu's claim. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Wensheng Yan v. Mukasey*, 509 F.3d 63, 66-67 (2d Cir. 2007). Xu testified that a local doctor confirmed her pregnancy and was required to report it to family planning authorities, but then testified that, after initially fleeing the area, she returned while pregnant because it would be safer. Xu also testified that the authorities informed her husband's family that she would be sterilized, rather than telling her while she was in the hospital giving birth, and then inconsistently stated that she learned of the sterilization warning while in hiding. Given this context, we cannot locate error in the IJ's conclusion that these portions of the claim were implausible. *See Wensheng Yan*, 509 F.3d at 66-67 (explaining that we uphold an implausibility finding absent a "definite and firm conviction that a mistake has been committed" (internal quotation marks omitted)).

Finally, we defer to the IJ's conclusion that Xu's demeanor undermined her credibility. *See Jin Chen v. U.S. Dep't of Justice,* 426 F.3d 104, 113 (2d Cir. 2005) ("[T]he IJ's ability to observe the witness's demeanor places her in the best position to evaluate whether apparent problems in the witness's testimony suggest a

4

lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question."). Moreover, the record reflects that Xu's testimony was often vague and not responsive.

Given the inconsistency, implausibility, and demeanor findings, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That determination was dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court